IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **STEPHANIE BEKENDAM,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **7:13-CV-00045-L** |
| | § | |
| **DIRECTOR TDCJ-CID,** *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

This prisoner case was filed on April 12, 2013, by Stephanie Bekendam ("Plaintiff"), an inmate confined in the San Saba Unit of the Texas Department of Criminal Justice in San Saba, Texas, and referred for screening to Magistrate Judge E. Scott Frost.   Plaintiff, who has requested to proceed *in forma pauperis*, asserts a federal claim under the Racketeering Influenced and Corrupt Organization Act ("RICO"), as well as several state claims, against nine defendants.[*] For the reasons herein explained, the court, after reviewing Plaintiff's Complaint, **vacates** the standing order of reference to the magistrate judge, *sua sponte* **dismisses with prejudice** Plaintiff's RICO claim pursuant to 28 U.S.C. 1915(e)(2)(B)(i) as frivolous, and **dismisses without prejudice** Plaintiff's state claims.

## I.    RICO Claim

Title 28, section 1915(e)(2)(B), requires the court to *sua sponte* dismiss a civil action brought by a prisoner without prepayment of fees if it determines that the action is: (i) frivolous or malicious;

---

[*] In her Complaint, Plaintiff lists as a Defendant No. 1 "Director TDCJ–IO CID–Judge O'Connor Texas Department of Corrections."  Pl.'s Compl. 3.  The reference to "Judge O'Connor" appears to refer to United States District Judge Reed O'Connor, who is the judge assigned to four other civil actions by Plaintiff pending in the Northern District of Texas.

**Memorandum Opinion and Order – Page 1**

(ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(B)(i)-(iii) (West 2006).   A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim is factually baseless when the facts alleged are "clearly baseless" or "irrational or wholly incredible." *Id.* (explaining that factual basis is frivolous if allegations are "fanciful," "fantastic," or "delusional").   The court liberally construes Plaintiff's Complaint with all possible deference due a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) Even viewing Plaintiff's Complaint under the most liberal construction, however, the court determines that her RICO claim is frivolous.

The RICO statute applies to the following prohibited activities:

(a) It shall be unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity or through collection of an unlawful debt in which such person has participated as a principal within the meaning of section 2, title 18, United States Code, to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.

(b) It shall be unlawful for any person through a pattern of racketeering activity or through collection of an unlawful debt to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.

(c) It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

(d) It shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section.

**Memorandum Opinion and Order – Page 2**

18 U.S.C. 1962(a)-(d).  To have standing under the RICO Act, a plaintiff must allege a tangible

financial loss.  *Price v. Pinnacle Brands, Inc.*, 138 F.3d 602, 607 (5th Cir. 1998).  "Injury to mere

expectancy interests or to an intangible property interest is not sufficient to confer RICO standing."

*Id.* (internal quotation marks omitted).  Thus, "speculative damages are not compensable under

RICO." *In re Taxable Mun. Bond Secs. Litig.*, 51 F.3d 518, 523 (5th Cir. 1995).

Plaintiff's RICO claim is against Defendant Donald Lee Fred Dwyer Farms, Inc.  In support

of her Complaint, Plaintiff alleges:

> For the past 45 years I have been enduring abuse and being taken advantage
> of because I am an orphan . . . poor woman.  After finding out local government had
> been accepting bribes to tamper w/records to damage and manipulate the natural
> courses in my life in exchange for personal favors and leniencies given to the law has
> [indecipherable] and keeps me illegally entrapped in jail. Corrupt [indecipherable]
> falsely reflects my true character and [a]ffects my family and home. I have been
> unable to [indecipherable] responsibility for lack of proper protection and legal
> services or advice. Leaves me bankrupt and homeless.

Pl.'s Compl. 4.  For relief, Plaintiff seeks "immediate release from prison, protection, expunction,

exoneration, compensation, immunity, [and] change in venue."  *Id.*  The court concludes that

Plaintiff's allegations cannot support a RICO claim and are insufficient to establish standing.

Because Plaintiff's rambling allegations are irrational, delusional, and conclusory, the court is

convinced that she would be unable to state a claim upon which relief can be granted even if allowed

to amend her pleadings.

Moreover, Plaintiff is abusing the legal process.  In 2001, Plaintiff filed a civil action, Case

No. 7:01-CV-140-R, in which she similarly alleged that the defendant had engaged in a conspiracy

to commit organized crimes and other unlawful conduct.  Plaintiff's federal claim in that case was

dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C.A. § 1915(e)(2)(B)(i), and

her state claims were dismissed for lack of jurisdiction.  The court also denied Plaintiff's motion for leave to proceed *in forma pauperis* on appeal after certifying that the appeal was not taken in good faith.  Plaintiff also notes in her Complaint in this case that she was previously warned or sanctioned on December 23, 2011, by a court in the Western District of Texas, Waco Division.  In addition, Plaintiff currently has four other civil actions pending in this district that are questionable at best.  Accordingly, the court will dismiss with prejudice as frivolous Plaintiff's RICO claim pursuant to 28 U.S.C. 1915(e)(2)(B)(i).

## II.      State Law Claims – Exercise of Supplemental Jurisdiction

As a general rule, when "all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims."  *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *Batiste v. Island Records Inc*., 179 F.3d 217, 227 (5th Cir. 1999), *cert. denied*, 528 U.S. 1076 (2000). In deciding whether to exercise supplemental jurisdiction, courts consider the statutory provisions of 28 U.S.C. § 1367(c), as well as "the balance of the relevant factors of judicial economy, convenience, fairness, and comity." *Id*. at 350-51. No single factor is dispositive. *Id.*

Applying these factors to this case, the court determines that they weigh in favor of the court declining to exercise supplemental jurisdiction. There has been little or no activity in the case since it was filed, service of process has not been effected as to any Defendants, no scheduling order has been entered, few judicial resources have been expended, and the court has not addressed the merits of Plaintiff's state law claims.  The court therefore declines to exercise supplemental jurisdiction over Plaintiff's state law claims.  *Brookshire Bros. Holdings, Inc. v. Dayco Prods., Inc*., 554 F.3d

595, 602 (5th Cir. 2009) ("[A] court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial[.]"). Accordingly, the court will dismiss Plaintiff's state claims without prejudice.

## III.    Conclusion

For the reasons explained, the court **vacates** the standing order of reference to the magistrate judge, *sua sponte* **dismisses with prejudice** Plaintiff's RICO claim pursuant to 28 U.S.C. 1915(e)(2)(B)(i) as frivolous, and **dismisses without prejudice** Plaintiff's state claims. The court's dismissal of Plaintiff's claims moots the several pending motions filed by Plaintiff in this case. These motions (Docs. 4, 10, 11, 19, 20, 32, 34, 35, 41) are therefore **denied as moot**. Judgment will issue by separate document as required by Federal Rule of Civil Procedure 58.

In the event Plaintiff seeks leave to proceed in *forma pauperis* on appeal, the court **certifies** that any appeal of this action would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3). For the reasons explained, the court determines that any appeal of this action would present no legal point of arguable merit and would, therefore, be frivolous. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). *Further, the court admonishes Plaintiff that if she continues to file frivolous lawsuits or claims, her pleadings will be stricken and the court will impose monetary or other sanctions, as it deems necessary, against Plaintiff.*

**It is so ordered** this 5th day of February, 2014.

Sam A. Lindsay
United States District Judge